IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNIE RAY PUNCH, <br> TDCJ-CID # 1017428, | § § § | |
| Petitioner, | § § | |
| v. | § | CIVIL ACTION NO. H-03-5617 |
| DOUGLAS DRETKE, | § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Johnnie Ray Punch, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus (Docket Entry Nos. 1 and 2) challenging a state court conviction for a felony offense. The respondent has filed an Answer, supported by state court records, stating that the habeas petition is time barred pursuant to 28 U.S.C. § 2244(d). Punch has filed no response. After reviewing the pleadings and records, the court has determined that this action should be **DISMISSED**.

**I. Procedural History and Claims**

Punch was convicted of aggravated robbery and was sentenced to fifteen years in the TDCJ-CID. *State v. Punch*, No. 859154 (180th Dist. Ct., Harris County, Tex., Dec. 6, 2000). Punch appealed his conviction, and the Court of Appeals for the Fourteenth Judicial District of Texas affirmed the judgment. *Punch v. State*, No. 14-01-00117-CR, 2002 WL 15887 (Tex. App. - Houston [14th Dist.] Jan. 3, 2002). Punch did not file a petition for discretionary review (PDR) challenging the appellate court's decision. *See* Docket Entry No. 2, at 3; *see also Ex parte Punch*, No. 54,610, at 3, State Court Records, Docket Entry No. 8-1, at 8, page 3 of state habeas application.

On November 8, 2002, Punch filed a state application for a writ of habeas corpus challenging his aggravated robbery conviction. *Ex parte Punch*, State Court Records, Docket Entry No. 8-1, at 7, page 2 of state habeas application. The Texas Court of Criminal Appeals denied the application without a written order on the findings of the trial court without a hearing on January 15, 2003. *Id*. at cover. Punch executed the current federal habeas petition on December 1, 2003.

In this habeas action, Punch contends that the evidence is legally and factually insufficient; that the pre-trial identification line-up was impermissibly suggestive and tainted; and that accomplice witness testimony was illegally used to corroborate the testimony of another.

## II. The One-Year Statute of Limitations

This action is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) because the petition was filed after April 24, 1996. The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

As stated above, Punch did not file a PDR after the Fourteenth Court of Appeals affirmed his conviction on January 3, 2002. Under § 2244(d)(1)(A), Punch's conviction became final on February 4, 2002, the last day he could have filed a timely PDR.[1] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (the limitations period commenced when the thirty day period for filing a PDR in state court ended), *citing* TEX. R. APP. PROC. 68.2(a). Therefore, Punch had until February 2, 2003, to file his federal petition. *Id*. The one-year period would be tolled if he filed a state habeas application before the period expired. 28 U.S.C. § 2244(d)(2).

Punch's state application was filed on November 8, 2002, more than nine months after the conviction became final. The habeas application was dismissed on January 15, 2003. Ten and one-half months elapsed before the pending federal petition was filed on December 1, 2003. *Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Excluding the period during which the state habeas application was pending, Punch's federal habeas petition was filed nineteen and one-half months after the conviction became final and seven and one-half months after the habeas limitations period had expired. 28 U.S.C. § 2244(d)(1) (A); 28 U.S.C. § 2244(d)(2).

There is no indication that Punch was subject to any state action which impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based or that Punch's federal habeas petition is based

---

[1] February 2, 2002, fell on a Saturday. February 4, 2002, was the first working day a PDR could have been filed. *See* TEX. R. APP. P. 4.1(a).

on a factual predicate that could not have been discovered before the commencement of the limitations period.  28 U.S.C. § 2244(d)(1)(C),(D).

The court shall **DISMISS** the petition for a writ of habeas corpus as untimely because it was filed more than one year after Punch's conviction became final. 28 U.S.C. § 2244(d)(1)(A).

### III. Certificate of Appealability

A Certificate of Appealability (COA) will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley*, at 263, *quoting Slack*, 120 S.Ct. at 1604; *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a COA, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). This Court concludes that Punch is not entitled to a COA under the applicable standards.  *See* 28 U.S.C. § 2253(c).

## IV. Conclusion

The court ORDERS the following:

1. The respondent's Motion for an Extension of Time (Docket Entry No. 6) is **GRANTED**.

2. This cause of action is **DISMISSED**, with prejudice, as time-barred under 28 U.S.C. § 2244(d).

3. A certificate of appealability is **DENIED**.

**SIGNED** on this 2nd day of February, 2006.

*[Signature]*
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE